UNITED STATES DISTRICT COURT Eastern District of Kentucky
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

FILED

OCT 1 5 2007

At Ashland
LESLIE G. WHITMER
Clerk, U.S. District Court

Civil Action No. 06-145-HRW

RICHARD SMALLWOOD,                                        PLAINTIFF,

v.            MEMORANDUM OPINION AND ORDER

THE HARTFORD,                                              DEFENDANT.

Pursuant to the Court's Scheduling Order [Docket No. 8], this matter is before the Court upon the briefs of the parties for summary judgment [Docket Nos. 12 and 13].

This is an action seeking relief pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* Plaintiff Richard Smallwood seeks payment of additional short-term disability benefits under a Group Short-Term Disability Insurance Policy No. SR-83110904 administered by Defendant The Hartford and issued by Defendant to Plaintiff's former employer, Progress Metal Reclamation Company, d/b/a Mansbach Metal.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 25, 2004, Plaintiff was involved in an automobile accident

in which he sustained injuries resulting in pain in his neck.  At the time of the

accident, Plaintiff was employed as a crane operator at Mansbach Metal.

On November 5, 2004, Plaintiff applied for short-term disability

benefits.  This application was supported by a statement from Plaintiff's

chiropractor, Dr. Naveen Reddy, who diagnosed Plaintiff as suffering from

cervical strain/sprain and lumbar problems.  In his statement, Reddy stated

that Plaintiff's return to work date was unknown [Docket No. 11 at 114-115].

Plaintiff then consulted with a neurologist, Dr. Bal Bansal.   In a letter

dated November 10, 2004, Dr. Bansal opined that "[Plaintiff], still at this

time, is not in any medical condition to go back to the heavy manual activity

which he has been doing before" [Docket No. 11 at 100].

The next day, upon Dr. Bansal's recommendation, Plaintiff underwent

a nerve conduction study and EMG.  The findings were that of an

"[e]ssentially normal study . . .with no evidence of any radiculopathy,

myopathy or neuropathy . . . ." [Docket No. 11 at 103].

By letter dated November 11, 2004, the Hartford advised Plaintiff that

2

his application for short-term disability benefits was granted with benefits payable beginning October 26, 2004 through November 29, 2004. Plaintiff was informed that in the event he was unable to return to work on November 30 due to an inability to perform the duties of his job, his physician would need to submit additional information in that regard. Defendant cautioned that "a note from your physician simply stating that he/she is extending your disability will not be acceptable without supporting medical data" [Docket No. 11 at 75].

On November 23, 2004 Dr. Bansal submitted a "Disability Certificate" to The Hartford certifying that Plaintiff would be under his care until December 23, 2004 [Docket No. 11 at 107]. The accompanying Attending Physicians report stated that Plaintiff's return to work was unknown and that Plaintff was under the following restrictions: "no excessive lifting, bending or stooping" [Docket No. 11 at 108].

By letter dated December 22, 2004, Defendant advised Plaintiff that the medical information available to The Hartford failed to support a conclusion that Plaintiff was entitled to further benefits beyond November 29, 2004 [Docket No. 11 at 71-72]. Defendant noted that information received from

3

Plaintiff's employer revealed that his position as crane operator did not require activity restricted by Plaintiff's physician. Thus, the information received by The Hartford did not support a finding that Plaintiff was unable to perform the material and substantial duties of his occupation. As such, Plaintiff was not entitled to continued short-term disability benefits [Docket No. 11 at 71].

Plaintiff appealed [Docket No. 95]. In support of his appeal, Plaintiff submitted Dr. Bansal's notes dated December 22, 2004 in which Dr. Bansal recommended against Plaintff returning to work.   However Dr. Bansal failed to identify how his restrictions would prevent Plaintiff from performing his duties as crane operator.

On January 28, 2005, The Hartford denied the appeal.

Plaintiff then initiated this civil action seeking compensation for the short-term disability payments he believes are owed to him by Defendant [Docket No. 1].

## II.   ANALYSIS

### A.   Standard of Review

It is undisputed that the subject  Policy gives its administrator, The

Hartford, discretionary authority to determine eligibility for benefits. Thus, the issue on appeal is whether the administrator committed not mere error, but arbitrary and capricious error. *Calvert v. Firstar Finance, Inc.,* 409 F.3d 286, 292 (6th 2005). "The 'arbitrary and capricious' standard is the least demanding form of judicial review of administrative action." *Id.*(internal citations omitted). "The court determines whether, in light of ERISA plan's provisions, the plan administrator's decision was rational; when it is possible to offer reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." *Id.*(internal citations omitted).

### B.     Plaintiff's Contentions on Appeal

First, Plaintiff contends that The Hartford's benefit eligibility determination was the result of a conflict of interest in that it was both the administrator and the payor of benefits.

In order for employee benefit plan insurer/administrator's alleged conflict of interest to be weighed as factor in applying arbitrary and capricious standard of review in ERISA challenge to administrator's benefits denial, there must be *significant* evidence in record that insurer was

5

motivated by self-interest.[1]   *Smith v. Continental Casualty Company*, 450 F.3d 253, 260 (6th Cir. 2006)(emphasis added).   "[M] ere allegations of the existence of a structural conflict of interest are not enough; there must be some evidence that that alleged conflict of interest affected the plan administrator's decision to deny benefits." *Cochran v. Trans-General Life Insurance Co.*, 12 Fed. Appx. 277, 281-282 (6th Cir. 2001).

In this case, there is nothing in the record which would support a finding that Defendant's decision was adversely affected by its position as both decision-maker and payor.  In other words, there is no evidence, significant or otherwise, in the record that Defendant was motivated by self-interest.  It is the burden of Plaintiff to show that a significant conflict was present.  In this case, Plaintiff has not developed the record to show that the conflict of interest contributed to an arbitrary and capricious determination by Defendant; conclusory allegations are not enough.  Thus Defendant's

---

[1]   Although the Court  must review The Hartford's denial of benefits to Plaintiff under the "highly deferential 'arbitrary and capricious' standard, the undersigned must take into consideration the fact that Defendant  is acting under a potential conflict of interest because it is both the decision-maker, determining which claims are covered, and also the payer of those claims." *Marks v. Newcourt Credit Group*, 342 F.3d 444, 457 (6th Cir. 2003).   Yet this Court is mindful that the standard of review is not altered to a less deferential standard in this context; instead, the conflict of interest is to be considered in applying the standard. *Id.*

conflict of interest is not a factor which should be weighed in favor of

Plaintiff. *Smith v. Continental Casualty Company*, 450 F.3d 253, 260 (6th

Cir. 2006).   *See also, Sharp v. Ross Aluminum Eagle Picher Industrial Inc.*,

2006 WL 840380, at *4 (S.D. Ohio)(no evidence indicating how alleged

conflict affected decision).

Plaintiff also argues that Defendant arbitrarily "predetermined" the

amount of time for which short-term disability benefits would be paid.

The record reveals that Defendant originally determined that a

cervical/thoracic/lumbar strain had an expected recovery period of 21 to 35

days.  Defendant concluded that the 35 day period was appropriate, given the

manual nature of Plaintiff's job [Docket No. 11 at 35].  Defendant explicitly

advised Plaintiff that if he sought benefits after the 35-day period, he would

be required to submit additional, detailed medical information, "such as

treatment notes, therapy summaries, specialist reports and test results"

[Docket No. 11 at 75].   Indeed, Defendant emphasized that a conclusory

statement from a physician would not suffice.

In denying Plaintiff's application for additional benefits, Defendant

expressly and repeatedly stated that the medical information provided by

Plaintiff was not sufficient.   Yet Plaintiff appears to suggest that Hartford arbitrarily "predetermined" the length of time benefits would be paid, intimating that the outcome would have been the same, regardless of the type of medical evidence submitted in his support of his claim.   Notably, Plaintiff offers no argument in this regard, but simply asserts that Defendant "predetermined" the amount of time it would pay benefits to him.   The Court is not persuaded.

Finally, Plaintiff maintains that Defendant arbitrarily disregarded the findings of his treating physician, Dr. Bal Bansal.

A review of the record shows that Defendant did not challenge or disagree with Dr. Bansal's findings.   Rather, Defendant determined that Plaintiff could perform the essential functions of his job within the parameters imposed by Dr. Bansal.   Further, Dr. Bansal opined that Plaintiff refrain from heavy manual labor [Docket No. 101].   Yet Plaintiff's job duties are classified as "light to medium" and do not require excessive lifting, stooping or bending [Docket No. 11 at 82].   The Court finds that Defendant reasonably concluded that Plaintiff could return to work.

The subject policy requires that a participant must provide not only "objective medical findings" to support a claim of disability, but, in addition, restrictions and/or limitations which prevent him from performing his job [Docket No. 11 at 31]. In this case, Plaintiff cannot establish that he provided proof of limitations and/or restrictions which would prevent him from performing his job duties.

The Court finds that Plaintiff cannot establish that he met the eligibility criteria for additional disability payments under the express terms of the Policy.

## III. CONCLUSION

Based upon the foregoing, the Court finds that Defendant's decision to discontinue Plaintiff's short-term disability benefits was not arbitrary and capricious, but, rather supported by the record.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment be **OVERRULED** [Docket No. 12]and the Defendant's Motion for Summary Judgment be **SUSTAINED** [Docket No. 13].

9

A judgment in  favor of the Defendant will be entered contemporaneously herewith.

This   /5   day of October, 2007.

Henry R. Wilhoit
Senior Judge